UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY C. HAYES,<br><br>    Plaintiff,<br><br>    v.<br><br>MAURICIO MARTINEZ, et al.,<br><br>    Defendants. | Case No. 19-cv-03372-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Dkt. No. 8 |

## INTRODUCTION

Plaintiff Henry Hayes has stated Eighth Amendment claims against various persons at Pelican Bay State Prison. The Court directs defendants to file in response to the complaint a dispositive motion, or a notice regarding such motion, on or before **January 27, 2020**.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Legal Claims**

Hayes alleges that in 2019 staff at Pelican Bay State Prison forced him to wear prison-issued underwear, which contains synthetic materials to which he is allergic, even though he prefers to wear cotton underwear he has purchased. When liberally construed, Hayes has stated Eighth Amendment claims against Dr. Mauricio Martinez; A. Harris, a prison guard; D. Nelson, a correctional sergeant; Fillipia, a correctional sergeant; Tiffany Greiger, a nurse; Dr. Jacobsen; and S. Manion, a correctional lieutenant.

All other claims are DISMISSED. Hayes's claims against Rhoda Nasr, a nurse, are DISMISSED. Nasr merely filed a request to have Hayes medically evaluated. This does not state a claim under the Eighth Amendment. His claims against Jim Robertson, the warden, are DISMISSED. There is no respondeat superior liability under § 1983, *see*

2

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (emphasis added). There is nothing in the complaint that indicates personal knowledge or involvement.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter (Dkt. No. 1), all attachments thereto, and a copy of this order upon the following persons at Pelican Bay State Prison: Dr. Mauricio Martinez; A. Harris, a prison guard; D. Nelson, a correctional sergeant; Fillipia, a correctional sergeant; Tiffany Greiger, a nurse; Dr. Jacobsen; and S. Manion, a correctional lieutenant. The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2. On or before **January 27, 2020**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

    a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

3

Court prior to the date the summary judgment motion is due.

      3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

      4.     Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

      5.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      6.     All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

      7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

          a.     If the claims found cognizable in this order involve excessive force or prison discipline, defendant(s) have thirty days from the date of service of the summons and complaint to produce to plaintiff all documents related to any incident reports, investigations, or Rules Violation Reports that were generated as a result of the incident(s) described in the complaint, and all video recordings of such incident(s). If no such reports or video recordings were generated, or if no investigation occurred, defendant(s) shall inform plaintiff of this in writing;

          b.     If the claims found cognizable in this order involve medical care, defendants have thirty days from the date of service of the summons and complaint to produce to plaintiff his medical records related to his medical condition(s) alleged in the complaint and any treatment he received for such condition(s).

Parties may object to the production of any of these materials. Any objections shall be made in writing and served on all parties, but not filed with the Court. Any disputes regarding the production of these materials shall be resolved according to the requirements

of Federal Rule of Civil Procedure 37 and Civil Local Rule 37.

8. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Plaintiff is reminded that if he files an amended complaint at any time during the litigation of this (or any other) suit, he must file it on this Court's form. Any complaint

1   not on the Court's form will be rejected as an improper filing.

2   12.     Plaintiff's motion to proceed *in forma pauperis* is DENIED as moot, the
3   filing fee having been paid. (Dkt. Nos. 4 and 8.)

4   13.     The Clerk shall terminate Rhoda Nasr and Jim Robertson as defendants. All
5   claims against them are DISMISSED.

6   14.     The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** October 17, 2019

WILLIAM H. ORRICK
United States District Judge